UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FARRAH GILOT,

         Plaintiff,       23-CV-6078-FPG

v.

                    DECISION AND ORDER

UR MEDICINE STRONG MEMORIAL HOSPITAL, et al.,

         Defendants.

## INTRODUCTION

*Pro se* Plaintiff Farrah Gilot brings this civil-rights action under 42 U.S.C. § 1983 against UR Medicine Strong Memorial Hospital and several unidentified employees. ECF No. 1 at 1-3, 15. Before the Court is Plaintiff's motion to proceed *in forma pauperis*. ECF No. 2. The Court finds that Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a), and therefore her *in forma pauperis* motion is GRANTED. The Court has also screened Plaintiff's complaint under the criteria set forth in 28 U.S.C. § 1915(e).

## LEGAL STANDARD

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at *1 (D. Conn. July 2, 2015) (internal quotation marks omitted). "In evaluating whether a plaintiff

has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff." *Id.* (internal quotation marks omitted). The Court may also consider any documents attached to the complaint. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

## BACKGROUND

The following facts are taken from Plaintiff's complaint. Plaintiff alleges that, in November 2023, she visited Strong Memorial Hospital complaining of depression and post-traumatic stress disorder ("PTSD"). ECF No. 1 at 10. At some point during her visit, Plaintiff decided that she would prefer to seek treatment elsewhere, and she attempted to leave the hospital. Without justification or court order, employees of the hospital prevented her from leaving. *Id.* at 5. These employees told Plaintiff that she "had no rights," and they proceeded to confine and abuse her for "almost 20 hours." *Id.* at 10. Among other things, one employee "jump[ed]" on Plaintiff's right leg, another choked her, and nine employees pinned her down and assaulted her. *Id.*

In her complaint, Plaintiff brings nine claims: (1) violations of Titles II, III, and V of the Americans with Disabilities Act ("ADA"); (2) violations of "various constitutional rights" under 42 U.S.C. § 1983; (3) violation of 18 U.S.C. § 242; (4) a claim under 28 U.S.C. § 509B; (5) violation of the Rehabilitation Act; (6) assault; (7) battery; (8) false imprisonment; and (9) medical malpractice. *See generally* ECF No. 1.

## DISCUSSION

As will be discussed below, the Court concludes that Plaintiff has not sufficiently stated any claim for relief under federal law. It further concludes that supplemental jurisdiction should not be exercised over Plaintiff's state-law claims.

I.   **Federal-Law Claims**

   a.   **ADA**

"One goal of the ADA is to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities. To do so, the ADA's first three titles proscribe discrimination against individuals with disabilities in employment and hiring (Title I), access to public services (Title II), and public accommodations (Title III)." *Noel v. N.Y.C. City Taxi & Limo. Comm'n*, 687 F.3d 63, 68 (2d Cir. 2012) (internal quotation marks and citations omitted). "Title V of the ADA prohibits, *inter alia*, retaliation against any individual who has asserted rights under the ADA." *Constantine v. Merola*, No. 20-CV-1012, 2020 WL 8450544, at *5 (N.D.N.Y. Nov. 6, 2020) (internal quotation marks omitted).

Plaintiff does not state a claim for relief under the ADA. Title I does not apply because Plaintiff does not allege a claim for discrimination in "employment [or] hiring." *Noel*, 687 F.3d at 68. Title II does not apply because it covers discrimination only with respect to the "benefits of the services, programs, or activities of a *public entity*." *Id.* (emphasis added). A private hospital is not a "public entity" for purposes of Title II. *Green v. City of New York*, 465 F.3d 65, 78-79 (2d Cir. 2006). As to any Strong employees, "there is no individual liability under . . . Title II of the ADA." *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007). And Plaintiff cannot obtain relief under Title III, as she seeks only money damages, ECF No. 1 at 5, 14, and "Title III authorizes only a suit for injunctive relief." *Kahn v. N.Y.U. Med. Ctr.*, 328 F. App'x 758, 759 (2d Cir. 2009) (summary order).

As for Title V, "[t]o state a retaliation claim under [the ADA], a plaintiff must establish that '(i) plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action.'"

3

*Merola*, 2020 WL 8450544, at *5. Here, Plaintiff does not allege that she engaged in any protected activity under the ADA. Therefore, Plaintiff does not state a claim for relief under the ADA.

In addition, "no claim under Title V may be maintained against an individual defendant," *id.*, so this claim must fail against any individual employee.

   b. **42 U.S.C. § 1983**

Because Plaintiff alleges that Defendants violated her constitutional rights, the Court understands Plaintiff to be raising claims under 42 U.S.C. § 1983. *See* ECF No. 1 at 4. 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred, including under the Constitution." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). "To support a federal claim for deprivation of a constitutional right under 42 U.S.C. § 1983, "[t]he conduct at issue must have been committed by a person acting under color of state law." *Id.* (internal quotation marks omitted). A private entity, like a private hospital, is generally not considered a state actor. *See, e.g.*, *Kia P. v. McIntyre*, 235 F.3d 749, 756 (2d Cir. 2000) (concluding that hospital was not a state actor where it was "owned and administered by a private corporation"); *Giraldo v. United States*, No. 14-CV-5568, 2015 WL 1476409, at *2 (E.D.N.Y. Mar. 31, 2015) ("Usually, a private hospital will not be considered a state actor."). However, a private entity may be considered a state actor if: (1) "the entity acts pursuant to the coercive power of the state or is controlled by the state"; (2) the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies"; or (3) "the entity has been delegated a public function by the state." *Justice v. King*, No. 08-CV-6417, 2015 WL 1433303, at *15 (W.D.N.Y. Mar. 27, 2015).

In Plaintiff's complaint, there are no allegations about Strong Memorial Hospital or its employees that would support any of the above exceptions. Accordingly, Plaintiff does not state a claim for relief under Section 1983.

### c. 18 U.S.C. § 242

Plaintiff cites 18 U.S.C. § 242, a criminal civil rights statute. *See* ECF No. 1 at 7. Since there is no "private right of action" under Section 242, *Storm-Eggink v. Gottfried*, 409 F. App'x 426, 427 (2d Cir. 2011) (summary order), this claim must be dismissed.

### d. 28 U.S.C. § 509B

Likewise, Plaintiff's claim under 28 U.S.C. § 509B must be dismissed because that statute does not create a private right of action; it merely authorizes the Attorney General to take certain legal action against individuals "suspected of participating in serious human rights offenses." 28 U.S.C. § 509B(b)(1); *see also Currelley v. Heyns*, No. 12-CV-1262, 2013 WL 1914583, at *2 (W.D. Mich. May 8, 2013).

### e. Rehabilitation Act

The Rehabilitation Act "provides, in pertinent part, that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 231 (2d Cir. 2014) (internal quotation marks, ellipsis, and brackets omitted). "The statute on its face prohibits three types of conduct that adversely affect a disabled person who is qualified for the statute's protection when the adverse conduct is motivated by the subject's disability. Those are (1) exclusion from participation in a federally funded program or activity, (2) denial of benefits of a federally funded program or activity, and (3) subjection to discrimination under a federally funded program or activity." *Id.* "To establish a prima facie case under the Rehabilitation Act, a plaintiff must allege: [1] that he or she is a person with disabilities under the Rehabilitation Act, [2] who has been denied benefits of or excluded from participating in a federally funded program

5

or special service, [3] solely because of his or her disability." *Bryant v. N.Y.S. Educ. Dep't*, 692 F.3d 202, 216 (2d Cir. 2012).

Plaintiff's claim under the Rehabilitation Act is that Strong Memorial Hospital and its employees subjected her to "unjustified isolation or segregation." ECF No. 1 at 7. For at least two reasons, Plaintiff's complaint is insufficient to support a Rehabilitation Act claim.

First, Plaintiff does not sufficiently allege that she is a "qualified individual with a disability" within the meaning of the Rehabilitation Act. "The Rehabilitation Act takes its definition of 'disability' from the Americans With Disabilities Act, which provides that a plaintiff is disabled if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Mazzeo v. Mnuchin*, 751 F. App'x 13, 15 (2d Cir. 2018) (summary order) (internal quotation marks omitted). Although Plaintiff alleges that she has suffers from depression, anxiety, and PTSD, ECF No. 1 at 10, she fails to allege that any of these conditions "substantially limits one or more major life activities." *Id.*; *see, e.g.*, *Baluch v. 300 West 22 Realty, LLC*, No. 21-CV-9747, 2023 WL 112547, at *5 (S.D.N.Y. Jan. 5, 2023) (collecting cases); *Sternkopf v. White Plains Hosp.*, No. 14-CV-4076, 2015 WL 5692183, at *7 (S.D.N.Y. Sept. 25, 2015) ("While bipolar disorder can be an impairment under the ADA, the [complaint] fails to identify any major life activity that was limited by Plaintiff's specific case of bipolar disorder, and therefore fails to allege that his bipolar disorder is a disability covered by the ADA." (internal citation and footnote omitted)).

Second, Plaintiff fails to adequately explain why Defendants isolated her. She merely alleges that, when she asked to leave, employees "told [her she] had no rights" and refused to let her leave. ECF No. 1 at 5. Because Plaintiff also alleges claims of medical malpractice, it may be that Plaintiff is arguing that hospital medical staff made improper diagnoses and treatment

decisions relative to her admitting complaints of depression and PTSD. *See id.* at 10-11. If that is Plaintiff's claim, the Rehabilitation Act does not provide her with a remedy. The Second Circuit has held that "a medical decision to administer (or to withhold) a treatment in the case of a disabled person could constitute discrimination that is actionable under [the Rehabilitation Act] if the decision was motivated by considerations that are *unrelated* to proper medical decision-making about the case." *McGugan*, 752 F.3d at 232 (emphasis added); *see also id.* (medical personnel could be held liable under the Rehabilitation Act for "forcibly hospitaliz[ing]" plaintiff, where they disregarded his objection on the stereotyped assumption that "Lou Gehrig's disease renders one incompetent to grant or withhold consent"). "But if the decision was taken in consideration of medically pertinent standards, it will not constitute actionable discrimination simply because the decision-maker unreasonably gave unwarranted significance to some pertinent factor." *McGugan*, 752 F.3d at 232. This is true "even if the decision was reprehensible and constituted malpractice." *Id.* Therefore, absent more specific allegations as to the basis for Defendants' commitment decision, Plaintiff's complaint fails to state a Rehabilitation Act claim.

Moreover, this claim must fail against any individual employee. *See Steele v. Success Academy Charter Schs., Inc.*, No. 19-CV-5659, 2020 WL 6424566, at *3 (S.D.N.Y. Nov. 1, 2020).

### f. Summary

Plaintiff has failed to state a claim for relief under federal law. Because the claims under 18 U.S.C. § 242 and 28 U.S.C. § 509B are legally defective, those claims must be dismissed with prejudice. Plaintiff's claims under the ADA, Section 1983, and the Rehabilitation Act are dismissed without prejudice, and Plaintiff is granted leave to file an amended complaint in order to correct the defects identified above and provide additional supporting allegations. *See Johnson*, 2021 WL 4896477, at *13 ("Generally, leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a valid

claim."). In other words, Plaintiff may submit a new, amended complaint with additional facts, if they exist, to show that Defendants may be liable under the ADA, Section 1983, or the Rehabilitation Act. The Court will send Plaintiff a new complaint form for that purpose.[1]

## II.   State-Law Claims

Plaintiff alleges that the Court has federal-question jurisdiction over her action. ECF No. 1 at 4; *see also* 28 U.S.C. § 1331. Plaintiff also alleges state-law claims for assault, battery, false imprisonment, and medical malpractice, ECF No. 1 at 10-13, over which the Court may exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). But where, as here, a district court "has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction" over the state-law claims. *Id.* § 1367(c)(3). "Once a district court's discretion is triggered under § 1367(c)(3)," it must "balance[] the traditional values of judicial economy, convenience, fairness, and comity." *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (internal quotation marks omitted).

Given that Plaintiff's federal-law claims have been dismissed early in the case, "the balance of factors [] point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (internal ellipsis omitted). Accordingly, the Court intends to dismiss Plaintiff's state-law

---

[1] The Court advises Plaintiff that an amended complaint will completely replace her prior complaint in this action because "an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998). Therefore, if Plaintiff files an amended complaint, it must include all of her allegations against Defendants so that it may stand alone as the sole complaint in this action.

claims without prejudice. This means that Plaintiff is free to refile her state-law claims in state court.

To the extent Plaintiff believes that the Court should exercise supplemental jurisdiction over her state-law claims, notwithstanding the dismissal of her federal-law claims, she may file a separate memorandum on that issue. *See Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("Hearing from the parties either in person or on the papers is typically an essential component of the inquiry into whether to decline to exercise supplemental jurisdiction."). Plaintiff's memorandum, if she wishes to submit one, is due by **April 13, 2023**.

### III.    Motion to add Parties

On March 8, 2023, Plaintiff filed a motion to add additional defendants associated with Strong Memorial Hospital. ECF No. 3. Plaintiff may include these defendants in her amended complaint and, to that extent, Plaintiff's motion is granted. However, the Court will not assess the validity of the claims against these additional defendants until Plaintiff files her amended complaint. The Court cautions Plaintiff that she will need to provide sufficient facts, if they exist, to demonstrate that these defendants are liable for the claims that she raises.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Plaintiff's motion to add parties (ECF No. 3) is GRANTED. Plaintiff's claims under 18 U.S.C. § 242 and 28 U.S.C. § 509B are DISMISSED WITH PREJUDICE. Plaintiff's claims under the ADA, Section 1983, and the Rehabilitation Act, as well as her state-law claims, are DISMISSED WITHOUT PREJUDICE to filing an amended complaint. Plaintiff must file her amended complaint by **April 13, 2023**. If Plaintiff fails to file an amended complaint by that date, the Court will dismiss her federal-law claims with prejudice and her state-law claims without prejudice. Further, the Court will direct the Clerk of Court to close the case. The Clerk of Court

is directed to add the defendants listed at page 15 of Plaintiff's complaint to the caption. *See* ECF No. 1 at 15. The Clerk of Court is directed to mail Plaintiff (a) a copy of this Decision & Order; (b) a non-prisoner complaint form, (c) the non-prisoner complaint instructions, and (d) the amended complaint instructions.

    IT IS SO ORDERED.

Dated: March 13, 2023
       Rochester, New York

                                          HON. FRANK P. GERACI, JR.
                                          United States District Judge
                                          Western District of New York